UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DAVID DELGADO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 25-4145 |
| SAMANTHA SHINN, *et al.* | ) ) ) |
| Defendants. | ) ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff alleges events that occurred at Hill Correctional Center ("Hill"). He named as defendants the following officials: nurse practitioners Samantha Shinn and Kelsey Kramer; physicians Kurt Osmundson and Jonathan Ek; Healthcare Unit Administrator Nellie Boone;

Director of Nursing Casey Spitzig; Warden Tyrone Baker; Internal Affairs Lieutenant McCune; and Illinois Department of Corrections Director Latoya Hughes. Plaintiff also named Dr. Patterson, an outside urologist, as a defendant.

Plaintiff alleges that he sought medical treatment in April 2024 for what he believed to be an infection on the head of his penis. He alleges that Defendant Shinn ordered a swab to determine the type of infection following an examination. Plaintiff alleges that the swab was never "approved," and he does not disclose the results of same. Plaintiff alleges that Defendants Shinn and Kramer referred him to see Defendant Osmundson following a second examination where Defendant Kramer opined that the infection was not herpes. Plaintiff alleges that Defendant Osmundson stated he did not see anything abnormal with Plaintiff's penis during an examination in May 2024. Plaintiff alleges that Defendant Patterson never examined his penis during a September 2024 prostate exam, and, therefore, he had no basis for the conclusion found in medical notes he provided to the prison that Plaintiff's male genitourinary exam was normal.

Plaintiff alleges that Defendants Ek and Kramer canceled their respective appointments with him in January 2025. He alleges that a non-defendant nurse did not see anything abnormal with his penis during an exam on February 2, 2024, but a prison official who may or may not have been a medical provider that was present and examined his penis upon his request opined that his penis was infected. Plaintiff alleges that Defendant Ek opined during the same examination that nothing was wrong while standing at least five feet away. Plaintiff alleges that Defendant Kramer did nothing after he informed her on February 18, 2025, that his penis infection was very painful, affected his sleep, and felt like something was "eating the head of his penis." Plaintiff alleges that Defendant Shinn canceled an appointment on May 1, 2025, and that she told him on May 29, 2025, that if he continued to request medical treatment for his penis that

she would write him up for sexual harassment.

Plaintiff alleges that he filed grievances regarding the medical providers' conduct following each incident. He alleges that grievance officials on one occasion summarized what he believed to be conflicting statements about the presence of an infection. He alleges that he wrote letters to Defendant Boone in June 2024, to Defendant Spitzig in April 2025, to Defendant McCune in June 2025, and to Defendant Baker in July 2025 about the lack of medical treatment and that these officials ignored them or failed to investigate.

## DISCUSSION

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). The parties do not dispute that Plaintiff suffered from an objectively serious medical need.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.

Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff's allegations that Defendants Shinn and Kramer conducted a swab and referred him to a physician within a short time after he first reported the infection does not permit a plausible inference that they failed to exercise appropriate medical judgment. His allegations that Defendants Osmundson, Ek, and Patterson failed to examine his penis as closely as he believed necessary permits an inference of negligence as best, which is not sufficient to impose constitutional liability. Plaintiff's allegations do not permit an inference that the cancellations of his medical appointments resulted in anything other than a short delay in treatment.

Plaintiff's allegations that he had seen Defendant Patterson suggest that he received additional medical treatment not included in his complaint, and the Court cannot determine whether prison officials otherwise addressed his complaints of pain. Absent this information, the

Court cannot find that he states a claim based upon the failure to treat any pain.[1] Defendant Patterson also does not appear to be a state actor for purposes of Section 1983.

Plaintiff's allegations do not permit a plausible inference that Defendants Boone, Spitzig, Baker, and McCune were medical providers responsible for providing care. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Because Plaintiff appeared to have access to medical providers, these defendants were entitled to defer to the judgment of those responsible for providing treatment, and Plaintiff cannot hold them liable just because they failed to respond to his written correspondence, participated in the grievance process, or failed to investigate. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (writing letters to government officials not otherwise responsible for providing medical care is not sufficient to impose liability under § 1983); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (no constitutional right to investigation); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (denial of administrative complaints after the fact does not constitute personal involvement under § 1983). Plaintiff makes no allegations against Defendant Hughes. He cannot hold her or Defendant Baker liable just because they may have been in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

---

[1] Plaintiff indicates in his Motion to Request Counsel that he is prescribed aspirin, tramadol, and ibuprofen. (Doc. 5 at 1).

**Plaintiff's Motion for Extension of Time (Doc. 4)**

Plaintiff's motion requests additional time to pay the filing fee as the Court directed in its Text Order entered August 13, 2025. Plaintiff has since paid the filing fee in full within the applicable deadline. Plaintiff's motion is denied as moot.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff states that he is a 66-year-old prisoner with hearing impairment and physical conditions that make it difficult to walk. He states that he does not speak English very well, has "serious difficultly pronouncing and understanding certain English words," and that he cannot read small print. Plaintiff alleges that he is on several medications for mental health and other conditions.

Plaintiff has not provided information regarding his finances, he has paid the filing fee in full, and the Court cannot ascertain whether he is unable to afford counsel as required by 28 U.S.C. § 1915(e)(1). Plaintiff has personal knowledge of the facts, and he has been able to adequately communicate them to the Court. Plaintiff indicates that he has received help from a jailhouse lawyer, and the Court cannot determine which pleadings represent his own ability to communicate in English. Plaintiff has litigated several cases in this district, and it appears he was able to communicate in those cases in the early stages. This case does not appear overly complex

at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [4] is DENIED.**

4) **Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 13th day of January, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
