E-FILED
Wednesday, 04 November, 2026 03:25:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID DELGADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-4145 |
| | ) | |
| SAMANTHA SHINN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff alleges events that occurred at Hill Correctional Center ("Hill"). He named the following officials as defendants in his amended complaint: nurse practitioners Samantha Shinn

and Kelsey Kramer; physicians Kurt Osmundson and Jonathan Ek; Healthcare Unit Administrator Nellie Boone; Director of Nursing Casey Spitzig; Warden Tyrone Baker; and John Doe Pharmacist.

Plaintiff alleges that he sought medical treatment in April 2024 for what he believed to be an infection on the head of his penis. He alleges that Defendant Shinn ordered a swab to determine the type of infection following an examination, but that the swab was never approved. He alleges that Defendant Shinn sent him back to his cell without ordering further medical treatment. Plaintiff alleges that Defendant Kramer opined at a subsequent examination that the rash on Plaintiff's penis was not herpes. Plaintiff alleges that Defendant Shinn thereafter told him a swab to determine the type of infection was not necessary.

Plaintiff alleges that Defendant Osmundson stated he did not see anything abnormal with Plaintiff's penis during an examination in May 2024. Plaintiff alleges that Defendant Osmundson ignored his complaints that the rash caused severe pain, made it feel "as if worms were eating the skin," and that he feared he would lose his penis if not treated. Plaintiff alleges that Defendants Ek and Kramer refused to see him in January 2025.

Plaintiff alleges that Defendant Ek opined that nothing was wrong after non-defendant nursing staff had again diagnosed a rash. Plaintiff alleges that Defendant Kramer told him at an exam in February 2025 that nothing was wrong and to "stop bothering us." Plaintiff alleges that Defendant Kramer told him "to file grievances because he was good at it," and that Defendants Kramer, Osmundson, and Boone had been served with another lawsuit around that time. Plaintiff alleges that Defendant Shinn called him an "asshole."

Plaintiff alleges that he was scheduled to see a non-defendant physician after he had written to the Governor of Illinois. He alleges that healthcare staff canceled the appointment at

least three times. Plaintiff alleges the non-defendant physician diagnosed a rash and prescribed antibiotics and steroid cream to treat the infection. He alleges that Defendant John Doe Pharmacist delayed ordering the medication for approximately one month.

Plaintiff alleges that he had written letters to Defendants Boone and Baker throughout the relevant period and that he did not receive a response. He alleges that Defendant Baker did not act until the Governor's office directed him to investigate. Plaintiff alleges that he filed multiple grievances on this issue to no avail.

## DISCUSSION

### Medical Treatment

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Id.* at 105. Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official's subjective awareness of a risk "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.

Courts defer to treatment decisions made by medical professionals unless the evidence shows that "no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008).

A treatment decision permits an inference that the medical provider acted with deliberate indifference only when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties*, 836 F.3d at 729 (internal quotations omitted). Persisting in a course of treatment known to be ineffective, failing to follow an existing protocol, delaying treatment without penological justification, and refusing to follow a specialist's recommendations may permit an inference that a medical professional failed to exercise the appropriate judgment. *Id.* at 729-30.

Plaintiff's allegations that Defendants Shinn, Kramer, Ek, and Osmundson failed to provide any treatment and refused to see him or address his complaints of pain over the course of more than one year permit a plausible inference that these defendants acted with deliberate indifference or unreasonably delayed treatment. Plaintiff's allegations that Defendant Boone ignored his letters and presumably canceled medical appointments and that Defendant John Doe Pharmacist delayed ordered prescribed medications without apparent justification permit a plausible inference that both unnecessarily interfered with treatment.

The Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Shinn, Kramer, Ek, Osmundson, Boone, and John Doe Pharmacist.

Plaintiff does not state a claim against Defendant Baker. He was entitled to defer to the medical judgment of those providing treatment, and the allegations that he ordered an

investigation once the Governor's office inquired do not permit an inference that he acted with deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The Court will dismiss Defendant Baker as a defendant.[1]

**Retaliation**

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Once a plaintiff establishes a prima facie case of retaliation, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013).

Plaintiff's grievance and lawsuit activity are protected under the First Amendment. The timing of Plaintiff's protected conduct and the alleged failure to provide medical care permits a plausible inference that Defendants Shinn, Kramer, Ek, Osmundson, Boone, and John Doe Pharmacist retaliated against him. The Court finds that Plaintiff states a First Amendment retaliation claim against these defendants.

**IT IS THEREFORE ORDERED:**

**1. Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need and a First Amendment retaliation claim against Defendants Shinn, Kramer, Ek, Osmundson, Boone, and John Doe Pharmacist in their individual capacities. Any additional claims shall not be included in the case, except at the court's**

[1] The Court will also dismiss any defendant named in his original complaint that was not named in his amended complaint.

**discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**12. The clerk is directed to terminate Tyrone Baker, Casey Spitzig, Patterson, McCune, and Latoya Hughes as defendants.**

**13. The clerk is directed to attempt service on Samantha Shinn, Kasey Kramer, Kurt Osmundson, Jonathan Ek, and Nellie Boone pursuant to the standard procedures.**

Entered this 4th day of November, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE